IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ROBIN ALLEN, individually and on behalf of all others similarly situated,<br><br>                        Plaintiff,<br><br>v.<br><br>HUSQVARNA PROFESSIONAL PRODUCTS INC.,<br><br>                        Defendant. | **Case No. 3:24-cv-00896-FDW-SCR**<br><br>**UNOPPOSED MOTION TO UPDATE SETTLEMENT AND PRELIMINARY APPROVAL ORDER** |

      The parties, Plaintiff Robin Allen and Defendant Husqvarna Professional Products, Inc., jointly move to for the Court to grant preliminary approval to an updated version of the Class Settlement.

      On July 28, 2025, Plaintiff filed an unopposed motion for preliminary approval of class settlement. ECF No. 36. In the week following the filing of the motion, the Parties discovered that they inadvertently included in the final settlement agreement language from outdated drafts of the settlement. Declaration of Joel D. Smith ("Smith Decl.") at ¶ 3. Further, Defendant learned from some of its retailers that they would not be able to implement the $40 voucher portion of the settlement in its stores. *Id*. Accordingly, the Parties immediately started conferring and negotiating about fixing the language in the settlement and improving the settlement. An updated version of the Settlement was signed on August 13, 2025 ("Revised Settlement"), superseding the version of the Settlement submitted to the Court in the July 28, 2025 motion ("Original Settlement"). *Id*., Ex. 1 (the Revised Settlement). The Parties intended to immediately alert the Court that a revised Settlement had been reached and request that it hold off ruling on or vacate the then pending motion for preliminary approval for a few days until the Parties were able to file a new motion

seeking approval of the Revised Settlement. *Id*. ¶ 3. However, just hours after the Revised Settlement had been executed, the Court issued its Order granting preliminary approval of the Original Settlement. ECF No. 39; Smith Decl. ¶ 3.

For full transparency, along with this motion, the Parties are providing the Court with a redlined comparison between the Original Settlement and the Revised Settlement. Smith Decl., Exs. 2-6. As the Court will see, the settlement structure has remained identical – the class definition is the same, the products at issue are the same, the release is the same, the anticipated attorney's fees and costs provision is the same, and the notice period and anticipated forms of notice are the same. *Id*. The only material differences are as follows:

- **Warranty Extension**: the Warranty Extension is now set to run from the expiration of any already existing Warranty term (as it had in the Original Settlement) or in the case of any warranty that will have expired as of the date of preliminary approval, *from the date of the preliminary approval of the settlement*. *Id*., Ex. 2, IV(A)(1)(i) and (ii). The Original Settlement stated that the Warranty Extension would run from *a year after* the issuance of preliminary approval, which was a provision inadvertently left in from an old draft of the settlement and which the Parties did not intend to appear in the final executed version. The revision thus mirrors what the Parties intended the Settlement would provide in the first instance. This change benefits the Settlement Class by making sure that any lapse in the Extended Warranty is as short as possible, with the new Extended Warranty starting immediately upon the Court's grant of preliminary approval.

- **Vouchers**: after executing the Settlement, Defendant learned from some of the retailers that sell its products (such as Lowe's and Tractor Supply) that they would not be able to honor the $40 vouchers provided by the Original Settlement. However, there are still more than a *thousand* retailers nationwide, including Defendant's online website, which will honor vouchers provided by the Settlement. Plaintiffs negotiated that the amount of the vouchers in the Revised Settlement be increased to $45, up from $40, to account for the fact that the vouchers could be redeemed in fewer retail locations. Accordingly, the Revised Settlement now provides that the vouchers are worth $45. *Id*., Ex. 2, IV(A)(2).

The Parties note that, assuming the Court grants this motion approving the Revised Settlement promptly, there will be no need to continue the Final Fairness Hearing set for February 2, 2026. The Parties are also submitting an updated Order Granting Preliminary Approval that references the new Revised Settlement instead of the Original Settlement. The Parties believe that the Revised Settlement is a significant improvement of the Original Settlement, apologize to the Court for submitting a version of the settlement containing inadvertent errors, and thank the Court for its oversight of the settlement.

Dated: August 15, 2025          Respectfully submitted,[1]

                                     /s/ Joel D. Smith
                                     Joel D. Smith

**SMITH KRIVOSHEY, PC**

---

[1] Pursuant to Section II.C.3.a of the Western District Of North Carolina Administrative Procedures Governing Filing And Service By Electronic Means, the filer of this document confirms that the content of this document is acceptable to all persons required to sign the document and (ii) that all such persons have given their explicit consent for the filing attorney to affix their respective signatures as an "s/(attorney name)" and to submit the document electronically.

Joel D. Smith (admitted pro hac vice)
867 Boylston Street,
5th Floor, Ste. 1520
Boston, MA 02116
Phone: 617-377-7404
E-Mail: joel@skclassactions.com

**SMITH KRIVOSHEY, PC**
Yeremey O. Krivoshey
(admitted pro hac vice)
166 Geary Street, Ste. 1500-1507
San Francisco, CA 94108
Phone: 415-839-7000
E-Mail: yeremey@skclassactions.com

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
John Hunter Bryson
900 W. Morgan St.
Raleigh, NC 27603
919-600-5000
Fax: 919-600-5035
Email: hbryson@milberg.com

*Attorneys for Plaintiff*


/s/Jennifer W. Winkler

Jennifer W. Winkler, N.C. Bar No. 56913
NELSON MULLINS RILEY & SCARBOROUGH LLP
301 S. College Street, 23rd Floor
Charlotte, North Carolina 28202
T: (704) 417-3000
F: (704) 377-4814
Email: Jennifer.Winkler@nelsonmullins.com

Robert L. Wise, Va. State Bar 42030,
Admitted *pro hac vice*
NELSON MULLINS RILEY & SCARBOROUGH LLP
Two James Center, Suite 2120
1021 East Cary Street
Richmond, Virginia 23219
T: (804) 533-2900
F: (804) 616-4129
Email: Robert.Wise@nelsonmullins.com

4

*Attorneys for Defendant*