UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-CV-00896-FDW-SCR

| | |
|---|---|
| ROBIN ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| HUSQVARNA PROFESSIONAL PRODUCTS, INC., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on the Unopposed Motion to Update Settlement and Preliminary Approval Order. (Doc. No. 41.) For the reasons set forth herein, the motion, (Doc. No. 41), is **GRANTED**.

This class action lawsuit involves claims for deceptive trade practices, breach of implied warranty, and unjust enrichment made by purchasers of Defendant's recalled grass trimmers. (Doc. No. 1.) Pursuant to Rules 23(a), 23(b)(3), and 23(e) of the Federal Rules of Civil Procedure, the parties seek entry of an order preliminarily approving the Settlement of the Action pursuant to the settlement agreement fully executed on or about August 13, 2025 (the "Settlement Agreement"), which, together with its attached exhibits, sets forth the terms and conditions for a proposed Settlement of the Actions and dismissal of the Actions with prejudice.

Upon consideration of the Revised Settlement Agreement and its exhibits, (Doc. No. 42-1), and the Unopposed Motion to Update Settlement and Preliminary Approval Order, (Doc. No. 41), the Court **ORDERS** as follows:

1. <u>Defined Terms</u>. This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used in this Order shall have the same meanings as set forth

in the Settlement Agreement.

2. <u>Preliminary Approval of Settlement</u>. The Court preliminarily approves the Settlement Agreement, and its Settlement terms, as fair, reasonable, and adequate under Rule 23, subject to further consideration at the Final Fairness Hearing described below. The Court also preliminarily finds that the Settlement Agreement has been reached as a result of intensive, arm's-length negotiations of disputed claims, and that the proposed Settlement is not the result of any collusion.

3. Class Definition: Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for purposes of effectuating the Settlement Agreement, the following Settlement Class: all current and former purchasers and owners in the United States (including all territories) of Class Products, as defined in the Settlement, that purchased or owned the Class Products that were purchased on or before November 13, 2023, and who do not request to be excluded from (or opt out) of this Settlement. Excluded from the Class are all purchasers/owners as described above who have already had Recall 24-113 performed on their Class Product on or before the date Class Notice issues, purchasers/owners who purchased a Class Product for resale, Husqvarna, any entity in which Husqvarna has a controlling interest, any officer or director of Husqvarna, any judge to whom the Litigation is assigned, and any person who has resolved or otherwise released their claims in a separate written agreement with Husqvarna as of the date of the Settlement.

4. <u>Class Representatives and Class Counsel</u>: The Court preliminarily appoints Smith Krivoshey, PC and Milberg Coleman Bryson Phillips Grossman, PLLC as Class Counsel for the Settlement Class. The Court preliminarily appoints Robin Allen as Settlement Class Representative.

5. <u>Preliminary Class Certification of Settlement Purposes Only</u>. The Court preliminarily finds, solely for purposes of the Settlement, that the Rule 23 of the Federal Rules of Civil Procedure criteria for certification of the Settlement Class exists in that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Actions is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class; (d) the Settlement Class Representatives and Settlement Class Counsel have and will continue to fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to all other available methods for the fair and efficient adjudication of the controversy.

6. In addition, the Court finds that preliminary approval of the Settlement Class is appropriate when balanced against the risks and delays of further litigation. It appears that sufficient investigation, research, discovery, and negotiation have been conducted such that the attorneys for the parties are reasonably able to evaluate the benefits of Settlement, which will avoid substantial additional costs to the parties and reduce delay and risks associated with this action.

7. <u>Class Notice</u>: The Court approves the form and content of the proposed Long Form Notice and Summary Notice and Claim Form. The Court further finds that the method of dissemination of the Settlement Class Notice, in the manner set forth in the Settlement Agreement, as well as the establishment of a settlement website, satisfy Rule 23, due process, and constitutes the best notice practicable under the circumstances. The Notice Plan set forth in the Settlement Agreement is reasonably calculated to apprise the Settlement Class of the pendency of the Actions; the class certification for settlement purposes only; the terms of the Settlement and benefits afforded; the Settlement Class Members' rights including the right to opt-out of or object to the

Settlement and the deadlines and procedures for doing so; the deadline, procedures, and requirements for submitting a Claim Form; Class Counsel's application for Fees and Expenses and service award for the named Plaintiff Settlement Class representative; the time, place, and right to appear at the Final Fairness Hearing; and other pertinent information about the Settlement and the Settlement Class Members' rights. The Court authorizes the Parties to make non-material modifications to the Settlement Class Notice and Claim Form prior to mailing if they jointly agree that any such changes are appropriate.

8. <u>Administration</u>. The Court appoints RG/2 Claims Administration LLC as the Settlement Administrator. The Settlement Administrator is directed to perform all settlement administration duties set forth in, and pursuant to the terms and time periods of, the Settlement Agreement, including mailing of the CAFA Notice; implementing and maintaining the Settlement website; disseminating the Class Notice to the Settlement Class; the processing, review and determination of timely submitted and proper Claims Forms under the Settlement; and the submission of any declarations and other materials to counsel and the Court; as well as any other duties required under the Settlement Agreement.

9. <u>Notice</u>. No later than the date specified in Paragraph 22 below, the Settlement Administrator shall provide notice to the Class pursuant to the terms of the Agreement. The Parties shall coordinate with the Settlement Administrator to provide notice to the Class pursuant to the terms set forth therein.

10. <u>Exclusion for the Class</u>. Any Class Member who wishes to be excluded from the Class must send to the Settlement Administrator by U.S. Mail a personally signed letter, including their (a) full name, (b) current address, (c) telephone number (d) a clear statement communicating that they elect to be excluded from the Class and do not wish to be a Class Member, (e) the

approximate date of acquisition and SKY and serial number for his, her, or its Settlement Class Product, (f), and (g) the case name and case number of the Action. A Class Member can exclude only himself or herself from the Class, and shall not be allowed to request that another individual or group be excluded. "Mass" or "class" opt-outs are not permitted. Any such Request for Exclusion must be postmarked and sent to the Settlement Administrator no later than the date specified in Paragraph 22 below (the "Opt-Out Deadline"). The Settlement Administrator shall forward copies of any written requests for exclusion to Plaintiffs' Counsel and Defense Counsel.

11. If the proposed Settlement is finally approved, any potential Class Member who has not submitted a timely written Request for Exclusion on or before the Opt-Out Deadline shall be bound by all terms of the Settlement Agreement and the Final Order and Final Judgment. All persons or entities who properly exclude themselves from the Class shall not be Class Members and shall relinquish their rights or benefits under the Agreement, should it be approved, and may not file an objection to the Settlement or be entitled to any settlement benefits.

12. <u>Objections</u>: Any Class Member who has not filed a timely written Request for Exclusion may object to the fairness, adequacy, or reasonableness of this Settlement Agreement or the Settlement, or to the requested award of attorneys' fees and expenses, or Plaintiff's service award.

13. Any Class Member who intends to object to the fairness, reasonableness, and/or adequacy of the Settlement must include in his/her/their/its objection:

    a. the objector's full name, address, and telephone number;

    b. if the individual is represented by counsel, the name and telephone number of counsel, and if counsel intends to submit a request for fees, all factual and legal support for that request;

c. the date of purchase, SKU, and serial number for his, her, or its Class Product;

d. a statement that the objector has reviewed the Settlement Class definition and understands that he, she, or it is a Settlement Class Member, as well as provide written proof establishing that he, she, or it is a Settlement Class Member;

e. A written statement of the objection(s) which must include a statement as to whether it applies only to the objector, a specific subset of the Settlement Class, or to the entire Settlement Class, and also state with specificity the grounds for the objection, including any evidence and legal authority the Settlement Class Member wishes to bring to the Court's attentions;

f. copies of any documents the objector wants the Court to consider;

g. a statement as to whether the Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, the identity of any witnesses the objector may call to testify, a listing of all exhibits the objector intends to introduce into evidence at the Final Approval Hearing, and true and correct copies of such exhibits;

h. a sworn statement listing all other objections submitted by the objector or the objector's counsel to any class action settlements submitted in any court in the United States in the previous five (5) years. If the Settlement Class Member or his, her, or its counsel has not objected to any other class action settlement in the United States in the previous five years, he, she, or it shall affirmatively so state in the objection.

14. To be considered by the Court, objections must be filed with the Court through the Court's CM/ECF system if the objector is represented by counsel. If an objector is not represented by counsel, the objector must serve the objection on the Settlement Administrator via first-class mail, and must also serve the same on counsel as follows:

*Class Counsel at*:
>Joel D. Smith
>Yeremey Krivoshey
>Aleksandr "Sasha" Litvinov
>SMITH KRIVOSHEY, PC
>867 Boylston Street, 5th Floor, Ste 1520
>Boston, MA 02116
>joel@skclassactions.com
>yeremey@skclassactions.com
>sasha@skclassactions

*Defense Counsel at:*
>Robert L. Wise
>NELSON MULLINS RILEY & SCARBOROUGH, LLP
>1021 East Cary Street, Suite 2120
>Richmond, VA 23219

15. Any objecting Class Member may appear, in person or by counsel, at the Final Fairness Hearing to explain why the proposed Settlement should not be approved as fair, reasonable and adequate, or to object to any motion for Class Counsel Fees and Expenses or Class representative service award. Any such objecting Settlement Class Member must file with the Clerk of the Court and serve upon all counsel designated in the Notice a notice of intention to appear at the Final Approval Hearing by the Objection Deadline. The notice of intention to appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member (or the objecting Settlement Class Member's counsel) will present to the Court in connection with the Final Approval Hearing. Any Settlement Class Member who does not provide a notice of intention to appear in accordance with the deadlines and other specifications set forth in the Notice, or who has not filed an objection in accordance with the deadlines and other

specifications set forth in the Settlement Agreement and the Notice, will be deemed to have waived any objections to the settlement, subject to the discretion of the Court.

16. Any Settlement Class Member who has not properly filed a timely objection in accordance with the deadline and requirements set forth in this Order and Class Notice shall be deemed to have waived any objections to the Settlement and any adjudication or review of the Settlement Agreement by appeal or otherwise.

17. <u>Preliminary Injunction</u>. All Class Members and/or their representatives who do not timely and properly exclude themselves from the Class are barred and enjoined from directly, indirectly, derivatively, in a representative capacity, or in any other capacity filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or continuing any action in any forum (state or federal) as individuals, class members, putative class members, or otherwise against the Released Parties (as defined in the Settlement Agreement) in any court or tribunal asserting any of the Released Claims (as defined in the Agreement), and/or from receiving any benefits from any lawsuit, administrative or regulatory proceeding, or order in any jurisdiction, arising out of, based on, or relating to the Released Claims. In addition, all such persons are hereby barred and enjoined from filing, commencing, or prosecuting a lawsuit against Defendant (or against any of its related parties, parents, subsidiaries, or affiliates) as a class action, a separate class, or group for purposes of pursuing a putative class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Class Members who do not timely exclude themselves from the Class, arising out of, based on, or relating to the Released Claims. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Actions.

18. <u>Termination of Settlement</u>. If the Court does not grant final approval to the Settlement, or for any reason the parties fail to obtain a Final Order and Final Judgment as contemplated in the Settlement Agreement, or the Settlement Agreement is terminated pursuant to its terms for any reason or the Effective Date does not occur for any reason, then the following shall apply:

    a. All orders and findings entered in connection with the Settlement Agreement shall become null and void and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

    b. The conditional certification of the Class pursuant to this Order shall be vacated automatically, and the Actions shall proceed as though the Class had never been certified pursuant to this Agreement and such findings had never been made;

    c. The conditional certification of the Class pursuant to this Order shall be vacated automatically, and the Actions shall proceed as though the Class had never been certified pursuant to the Settlement Agreement and such findings had never been made;

    d. Nothing in this Order or pertaining to the Settlement Agreement, including any of the documents or statements generated or received pursuant to the claims administration process, shall be used as evidence in any further proceedings in this case, including, but not limited to, motions or proceedings seeking treatment of the Actions as class actions;

    e. Nothing in this Order or pertaining to the Settlement Agreement is, or may

be construed as, a presumption, concession, or admission by or against Defendant that the Action meets the requisites for certification as a class action under federal law; and

f.  All the Court's prior Orders having nothing whatsoever to do with the Settlement shall, subject to this Order, remain in full force and effect.

19. <u>Alteration of Exhibits</u>. Plaintiffs' Counsel and Defense Counsel are hereby authorized to use all reasonable procedures to further the administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the Long Form Notice, Summary Notice, Claim Form, and other exhibits that they jointly agree are reasonable or necessary.

20. <u>Retaining Jurisdiction</u>. This Court shall maintain continuing jurisdiction over these settlement proceedings to ensure the effectuation thereof for the benefit of the Class, and for any other necessary purpose.

21. <u>Settlement Deadlines</u>. Based on the foregoing, the Court sets the schedule below for the Final Fairness Hearing and the actions which must precede it. If any deadline set forth in this Order falls on a weekend or federal holiday, then such deadline shall extend to the next business day. These deadlines may be extended by order of the Court, for good cause shown, without further notice to the Class. Settlement Class Members must check the Settlement website regularly for updates and further details regarding this Settlement:

| Event | Deadline |
|---|---|
| Notice shall be provided in accordance with the Notice Plan and this Order | 30 days after Preliminary Approval Granted |
| Class Counsels' application for Attorneys' Fees and Expenses and service awards for Plaintiffs-Settlement Class Representatives and | 45 days after Notice Date |
| Reminder Notice shall be provided in accordance with the Notice Plan in this Order | 60 days after Notice Date |
| Objections to the Settlement, Class Counsels' Fee and Expense Application, and/or the request for service awards ("Objection Deadline") | 60 days after Notice Date |
| Requests for Exclusion from the Settlement ("Opt-Out Date") | 60 days after Notice Date |
| Deadline for Class Members to submit Claim Forms ("Claims Deadline") | 90 days after Notice Date |
| Plaintiffs' Motion for Final Approval of the Settlement and response to any objections | 28 days before Final Fairness Hearing |
| Deadline to submit notices of appearance at the Final Fairness Hearing | 28 days before Final Fairness Hearing |
| Deadline for Claims Administrator to submit declaration (1) stating the number of claims, requests for exclusion, and objections to date, and (2) attesting that Notice was disseminated in a manner consistent with the Settlement Agreement or otherwise required by the Court. | 10 days before Final Fairness Hearing |
| Final Fairness Hearing | February 2, 2026, at 10:00 a.m. in Courtroom #5B of the Charles R. Jonas Federal Building, 401 W. Trade Street, Charlotte, North Carolina |
| Award Issuance Date | Begins 60 days after Effective Date |

**IT IS THEREFORE ORDERED** that the Court's August 13, 2025, Order, (Doc. No. 39), is hereby vacated and superseded by this Order.

**IT IS FURTHER ORDERED** that the Unopposed Motion to Update Settlement and Preliminary Approval Order, (Doc. No. 41), is **GRANTED**.

**IT IS SO ORDERED.**

Signed: September 2, 2025

Frank D. Whitney
Senior United States District Judge